UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIA LOYA-MEDINA,<br><br>    Petitioner,<br><br> v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | Case No. 2:26-cv-00125-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Maria Loya-Medina is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that she is unlawfully present in the United States without admission or parole. Dkt. 1 ¶¶ 6–7. She entered the United States in 2005 and was apprehended by Immigration and Customs Enforcement ("ICE") officers on January 10, 2026.[1] *Id.* ¶¶ 6–7, 13. There is no indication that she has had a custody redetermination hearing before an Immigration Judge, as

---

[1] The petition contains two different dates for Loya-Medina's apprehension. She was apprehended either on January 10, 2025 (Dkt. 1 ¶ 13) or January 10, 2026 (*id.* ¶ 7). This discrepancy is immaterial to the Court's analysis of the legality of her detention under 8 U.S.C. § 1226(a).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

the government has determined that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* ¶¶ 9–10, 30, 33; Dkt. 8 at 2–4.

On January 14, 2026, Loya-Medina filed a petition for writ of habeas corpus, arguing that her mandatory detention violates the Immigration and Nationality Act ("INA") because she is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 27–33. On January 27, Federal Respondents filed a return to the habeas petition. Dkt. 8. Loya-Medina filed a traverse the same day. Dkt. 9. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.  LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that she is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.  DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

On November 25, 2025, in *Maldonado Bautista v. Santacruz*, the U.S. District Court for the Central District of California certified a Bond Eligible Class, comprised of the following individuals:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The court then granted declaratory relief to members of the Bond Eligible Class and vacated a Department of Homeland Security policy requiring ICE agents to treat every person who entered the United States without inspection as "seeking admission" under 8 U.S.C. § 1225(b)(2) and thereby subject to mandatory detention. *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ----, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Loya-Medina cites both *Maldonado Bautista* and *Rodriguez Vazquez* in support of her claim for habeas relief. Dkt. 1 ¶¶ 1–5, 8, 28–33. Federal Respondents express their disagreement with *Maldonado Bautista* and *Rodriguez Vazquez*, but they do not oppose Loya-Medina being considered a member of the *Rodriguez Vazquez* Bond Denial Class for the purposes of this habeas case. Dkt. 8 at 2–4. However, they assert—without citation to any authority—that Loya-Medina cannot claim membership in "both classes simultaneously." *Id.* at 3–4.

The Court agrees with the parties that Loya-Medina is a member of the *Rodriguez Vazquez* Bond Denial Class. And given the substantial similarity between the two class definitions, any noncitizen detained at NWIPC who is eligible for membership in the *Maldonado Bautista* Bond Eligible Class will likely be a member of the *Rodriguez Vazquez* Bond Denial Class. Having so concluded, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Loya-Medina is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Loya-Medina has thus shown that her mandatory detention under § 1225(b) violates the INA, entitling her to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within fourteen days of receiving Petitioner Maria Loya-Medina's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 29th day of January, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4